## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

```
************************************************************
JAMES G. PAULSEN, Regional Director of          *
Region 29 of the National Labor Relations Board, *
for and on behalf of the                        *
NATIONAL LABOR RELATIONS BOARD                  *
                                                *
                        Petitioner              *          13-CV-
                                                *
        v.                                      *
                                                *
REMINGTON LODGING & HOSPITALITY, LLC            *
                                                *
                        Respondent              *
                                                *
************************************************************
```

## PETITION FOR TEMPORARY INJUNCTION UNDER SECTION 10(j)
## OF THE NATIONAL LABOR RELATIONS ACT

To the Honorable, the Judges of the United States District Court for the Eastern District of New York:

Comes James G. Paulsen, the Regional Director of Region 29 of the National Labor Relations Board, herein called the Board, and petitions this Court for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended, [61 Stat. 149; 73 Stat. 544; 29 U.S.C. Sec. 160 (j)], herein called the Act, for injunctive relief pending the final disposition of the matters involved herein pending before the Board on a charge alleging that Remington Lodging & Hospitality LLC, herein called Respondent, has engaged in, and is engaging in, acts and conduct in violation of Section 8(a)(1) and (3) of the Act. In support thereof, Petitioner respectfully shows as follows:

1.      Petitioner is Regional Director of Region 29 of the Board, an agency of the United States, and files this petition for and on behalf of the Board.

2.    Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act. (29 U.S.C. 160(j)).

3.    On November 27, 2012, Local 947, United Service Workers Union, International Union of Journeymen and Allied Trades, herein called the Union, filed an unfair labor practice charge in Case No. 29-CA-93850, alleging, *inter alia*, that Respondent and Hospitality Staffing Solutions, LLC, herein called HSS, as joint employers, violated Section 8(a)(1) and (3) of the Act by interfering with its employees' protected rights, subcontracting out housekeeping work in response to a union campaign, and discharging and/or refusing to consider for hire employees because of their union activities at the facility located at 1717 Motor Parkway, Hauppauge, New York.

4.    On January 7, 2013, and February 12, 2013, respectively, the Union filed a charge and amended charge in Case No. 29-CA-95876 alleging that Respondent violated Section 8(a)(1) and (3) of the Act by discharging an employee, and refusing to reinstate that employee, because of the employee's union activities.

5.    On January 25, 2013, following a merit determination on the allegations of Case No. 29-CA-93850, the Acting General Counsel of the Board, by Petitioner, issued a Complaint and Notice of Hearing in Case No. 29-CA-93850 alleging that Respondent and HSS violated Section 8(a)(1) and (3) of the Act.

6.    On February 13, 2012, following a merit determination on the allegations of Case No. 29-CA-95876, the Acting General Counsel of the Board, by Petitioner, issued an Order Consolidating Cases, Consolidated Complaint, and Notice of Hearing in Case Nos. 29-CA-93850 and 29-CA-95876 alleging that Respondent and HSS violated Section 8(a)(1) and (3) of the Act by engaging in the following unlawful conduct:

a) in about mid-June 2012, Respondent, by its agent Andrew Arpino, interrogating employees about their union activities;

b) in about late July 2012, Respondent, by an unnamed agent (later amended at the Hearing to allege the agent as Osiris Arango), interrogating employees about their union activities;

c) from about August to September 2012, Respondent, by its agent Percida Rosero, threatening employees with discharge, threatening employees regarding their immigration status, interrogating employees about their union activities, and informing employees that work was subcontracted to avoid the Union;

d) from about August to September 2012, Respondent, by its agent Osiris Arango, interrogating employees about their union activity, directing employees to report union activity, informing employees that work was subcontracted to avoid the Union, directing employees to not sign Union authorization cards, and threatening employees with discharge;

e) from about August 21, 2012, to October 19, 2012, Respondent subcontracted its housekeeping work to HSS because the employees assisted the Union and engaged in protected, concerted activities, and to discourage employees from engaging in these activities;

f) on October 19, 2012, Respondent discharged all of its housekeeping employees, and since that date, has refused to reinstate or offer reinstatement to any of its employees, because the employees assisted the Union and engaged in protected, concerted activities, and to discourage employees from engaging in these activities;

g)    alternatively, from about September 19, 2012, to October 19, 2012, Respondent refused to hire the housekeeping employees employed by HSS and/or refused to consider those employees for hire, because the employees assisted the Union and engaged in protected, concerted activities, and to discourage employees from engaging in these activities;

h)    about January 2, 2013, Respondent discharged an employee and has since refused to reinstate or offer reinstatement to that employee, because that employee assisted the Union and engaged in protected, concerted activities, and to discourage employees from engaging in those activities;

7.    Between March 5 and March 20, 2013, Administrative Law Judge Raymond Green heard evidence in connection with the allegations of the Consolidated Complaint.  During the hearing, the Union, HSS, and the Administrative Law Judge entered into a settlement concerning the allegations asserted against HSS.[1]

8.    On April 26, 2013, Respondent and the Acting General Counsel, through Petitioner, submitted briefs to Administrative Law Judge Green.  A Decision and Recommended Order has not yet issued.

9.    Copies of the aforementioned charges, and the Consolidated Complaint and Notice of Hearing are attached and made a part hereof, as Exhibits A, B, C, and D.

10.    There is reasonable cause to believe that the allegations set forth in the Complaint in Case Nos. 29-CA-93850 and 29-CA-95876 are true and that Respondent has engaged in, and is engaging in, unfair labor practices affecting commerce within the

---

[1] Because of this settlement, HSS is no longer a party to this action, and Petitioner seeks no relief against HSS.

meaning of Section 8(a)(1) and (3), and Section 2(6) and 2(7) of the Act as alleged herein.

Specifically, there is reasonable cause to believe that Respondent, by refusing to reinstate those employees to their former positions or to substantially equivalent positions, is interfering with, restraining and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act, and due to the delay inherent in the administrative process, will permanently deprive its employees of their rights to engage in, or refrain from engaging in, protected, concerted activities.

In support thereof, and of the request for injunctive relief herein, Petitioner will show as follows:

(a)    At all material times, Respondent, a domestic limited liability company, has been engaged in providing hotel management services at hotels in numerous states, including at the Hyatt Regency hotel located at 1717 Motor Parkway, Hauppauge, New York ("the Hyatt Hotel").

(b)    At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act.

(c)    At all material times, HSS, a domestic limited liability company, with an office and place of business located at 100 Glenridge Point Parkway, Suite 400, Atlanta, Georgia, has been engaged in providing hotel staffing services to clients in multiple states, including for Respondent at the Hyatt Hotel from about August 21, 2012, to October 19, 2012.

(d)    At all material times, HSS has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act.

(e)     From about August 21, 2012, to about October 19, 2012, Respondent and HSS were parties to a contract which provided that HSS would be a subcontractor of Respondent overseeing the performance of housekeeping work at the Hyatt Hotel.

(f)     From about August 21, 2012, to about October 19, 2012, Respondent exercised control over the labor relations policy for the housekeeping employees of HSS at the Hyatt Hotel, and administered a common labor policy with HSS for employees of HSS.

(g)     From about August 21, 2012, to about October 19, 2012, Respondent and HSS were joint employers of the housekeeping employees at the Hyatt Hotel.

(h)     At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

(i)     At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act, and agents of Respondent within the meaning of Section 2(13) of the Act, acting on its behalf:

| | |
|---|---|
| Jeff Rostek | General Manager |
| Osiris Arango | Human Resources Director |
| Andrew Arpino | Front Office Manager |
| Blanca Dunleavy | Director of Housekeeping |
| Percida Rosero | Housekeeping Supervisor |

(j)     About   mid-June 2012, Respondent, by Andrew Arpino, at the Hyatt Hotel, interrogated employees about their union activities.

(k)     About late July 2012, Respondent, by Osiris Arango, at the Hyatt Hotel, interrogated employees about their Union activities.

(l)     On various dates in or about August and September 2012, Respondent, by Percida Rosero, at the Hyatt Hotel:

       (1)     threatened employees with discharge;

       (2)     threatened employees regarding their immigration status;

       (3)     interrogated employees about their union activities; and

       (4)     informed employees that their work was subcontracted to avoid the Union.

(m)     On various dates about late August through September 2012, Respondent, by Osiris Arango, at the Hyatt Hotel:

       (1)     interrogated employees about their union activities;

       (2)     directed employees to report union activity;

       (3)     informed employees that work was subcontracted to avoid the Union;

       (4)     directed employees not to sign Union authorization cards; and

       (5)     threatened employees with discharge.

(n)     From about August 21, 2012, to October 19, 2012, Respondent subcontracted the housekeeping work at the Hyatt Hotel to HSS.

(o)     About October 19, 2012, Respondent discharged all of its housekeeping employees.

(p)     Since that date, Respondent has refused to reinstate, or to offer to reinstate

any of the housekeeping employees discharged on October 19, 2012.

(q)     Respondent engaged in the conduct described above in paragraphs (n), (o), and (p) because the employees assisted the Union and engaged in protected, concerted activities, and to discourage employees from engaging in these activities.

(r)     In the alternative, from about September 19, 2012, to October 19, 2012, during which time Respondent was hiring housekeeping employees, Respondent refused :

> (1)     to hire the housekeeping employees employed by HSS at the Hyatt Hotel;
>
> (2)     to consider those employees for hire.

(s)     Respondent engaged in the conduct described above in paragraph (r) because the employees assisted the Union and engaged in protected, concerted activities, and to discourage employees from engaging in these activities.

(t)     About January 2, 2013, Respondent discharged employee Margaret Loiacono, and since that date, has refused to offer her reinstatement.

(u)     Respondent engaged in the conduct described above in paragraph (t) because it believes that Loiacono assisted the Union and engaged in protected, concerted activities, and to discourage employees from engaging in these activities.

(v)     By the conduct described above in paragraphs (j) through (m), Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

(w)     By the conduct described above in paragraphs (n) through (u), Respondent has been discriminating in regard to the hire and tenure, and terms and conditions of employment of its employees, thereby discouraging membership in a labor organization

in violation of Section 8(a)(1) and (3) of the Act.

(x)     The unfair labor practices of Respondent, described above, affect commerce within the meaning of Section 2(6) and (7) of the Act.

11.     Respondent's refusal to reinstate the former housekeeping employees and Margaret Loiacono to their former positions or substantially equivalent positions is undermining the collective bargaining rights of the employees by depriving them of the benefits of engaging in activities in support of a union and protected, concerted activities for mutual aid and protection.

12.     Upon information and belief, unless the aforesaid unfair labor practices are immediately enjoined, the purposes of the Act will be severely undermined, with the result that enforcement of important provisions of the Act and the application of considerations of public policy will be thwarted before Respondent can be placed under legal restraint through the regular procedure of a Board Order and an Enforcement Decree. Unless the injunctive relief is granted, it may be fairly anticipated that Respondent will continue its unlawful conduct and its former employees will scatter to the four winds, so that by the time a Board Order issues, the majority of the employees will have found employment elsewhere and may be unwilling or unable to accept offers of reinstatement.  Employees that continue to be employed at the Hyatt Hotel will  be keenly aware of the adverse consequences for engaging in activities protected by the Act. Respondent will thus have accomplished its objective of ridding itself of employees who engaged in union and protected, concerted activities, and of quelling any other protected activity by its current employees.  Thus, it is anticipated that because of Respondent's commission of unfair labor practices, during the time of the proceedings before the Board

and during any subsequent proceedings before a court of appeals, the rights of employees of Respondent under Section 7 of the Act, to form, join or assist labor organizations, to bargain collectively through representatives of their own choosing, and to refrain from any and all such activities, will be seriously interfered with, and restrained and coerced. It may be further anticipated that by the time a Board Order issues against Respondent, it will not be possible to restore the conditions existing prior to the commission of the unfair labor practices.

13.     Upon information and belief, to avoid the serious results referred to above, it is essential, just and proper, and appropriate for the purposes of effectuating the policies of the Act and avoiding substantial irreparable and immediate injury to such policies, and to the employees of Respondent, and in accordance with the purposes of Section 10(j) of the Act, that, pending before the Board, Respondent be enjoined and restrained, as herein prayed.

14.     No previous application has been made for the relief requested herein.

**WHEREFORE**, Petitioner prays:

1.     That the Court issue an Order directing Respondent to appear before this Court, at a time and place fixed by the Court, and to show cause, if any there be, why a temporary injunction should not issue enjoining and restraining Respondent, its officers, agents, representatives, servants, employees, attorneys, successors, and assigns, and all persons acting in concert or participation with it, pending the final disposition of the matters involved herein pending before the Board, from as follows:

A.     Enjoining and restraining Respondent, its officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all members and persons acting in concert or participation with them, from:

(1)     Discharging, refusing to hire, and/or refusing to consider for hire employees for engaging in union activity protected by the Act;

(2)     Discharging employees based on its belief that employees are Union supporters;

(3)     Threatening employees with more onerous working conditions, decreased benefits, and futility in selecting the Union as their collective-bargaining representative;

(4)     Threatening employees with discharge or immigration-related reprisals because of their support for and activities on behalf of a union;

(5)     Informing employees that adverse employment actions resulted because of their support of a union;

(6)     Interrogating employees regarding their union activities, and telling them to cease supporting a union; and

(7)     In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

B.     Affirmatively, requiring Respondent, its officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all persons acting in concert or participation with them, pending the Board's final adjudication, to:

(1)     Within five (5) days of the District Court's Order, offer to the employees discharged on October 19, 2012, and Margaret Loiacono, immediate and full

reinstatement to their former job, or if that job no longer exists, to a substantially equivalent position, without prejudice to their seniority or any other rights or privileges previously enjoyed, displacing, if necessary, housekeeping employees hired after those employees were discharged;

(2)     Within five (5) days of this Order, post copies of the District Court's Order in this proceeding, including a Spanish translation of the District Court's Order first approved by Petitioner prior to its posting, at all locations where Respondent's notices to its employees are customarily posted; maintain such notices free from all obstructions or defacements pending the Board's administrative proceeding; and grant to agents of the Board reasonable access to Respondent's facility to monitor compliance with this posting requirement;

(3)     Within five (5) days of this Order, have a Respondent representative read the District Court's Order to employees in both English and Spanish; and

(4)     Within twenty (20) days of the issuance of an Order, file with the District Court and serve a copy upon the Regional Director of Region 29 of the Board, a sworn affidavit from a responsible official of Respondent, stating with specificity how Respondent has complied with the terms of the Order, including the exact locations where Respondent has posted the materials required under this Order.

2.     That upon return of the Order to Show Cause, the Court issue an order enjoining and restraining Respondent and directing Respondent to take certain affirmative action in the manner set forth above.

3.     That the Court grant such further other relief as may be just and proper.

Dated at Brooklyn, New York, April 26, 2013.

James G. Paulsen
Regional Director, Region 29
National Labor Relations Board
Two MetroTech Center, Suite 5100
Brooklyn, New York  11201

accurate

Form NLRB - 501  (2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
CHARGE AGAINST EMPLOYER

**INSTRUCTIONS:**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 29-CA-093850 | November 27, 2012 |

File an original of this charge with NLRB Regional Director in which the alleged unfair labor practice occurred or is occurring.

| 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT | | |
|---|---|---|
| a. Name of Employer<br>REMINGTON LODGING & HOSPITALITY LLC AND HOSPITALITY STAFFING SOLUTIONS, LLC, a joint employer | | b. Tel. No<br>(631)784-1234<br>c Cell No |
| d. Address (street, city, state ZIP code)<br>1717 MOTOR PKWY, HAUPPAUGE, NY 11788-5217<br><br>100 GLEN RIDGE POINT PARKWAY –<br>SUITE 400<br>ATLANTA, GEORGIA 30342 | e Employer Representative<br><br>Human Resources | f Fax No<br>(631)232-9853<br>g e-Mail<br><br>h. Dispute Location (City and State)<br>Hauppague, NY |
| i.  Type of Establishment<br>(factory, nursing home, hotel)<br>Hotel | j. Principal Product or Service<br><br>Food and Lodging | k Number of workers at dispute location<br>100 |

l. The above-named employer has engaged in and is engaging unfair labor practices within the meaning of section 8(a), subsections (1) and (3) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act

2. Basis of the Charge (*set forth a clear and concise statement of the facts constituting the alleged unfair labor practices*)
Since on or about a date within the past six-months the above named joint employers, by their officers, agents and/or representatives unlawfully interrogated employees about their union activities, threatened employees with discharge or other reprisals and directed employees not to sign union authorization cards

Since or about a date within the past six months the above named joint employers, by their officers, agents and/or representatives unlawfully subcontracted out housekeeping work in response to a union campaign

Since or about a date within the past six months the above named joint employers, by their officers, agents and/or representatives unlawfully discharged, and/or refused to consider for hire employees because of their union activities

| 3 Full name of party filing charge (*if labor organization, give full name, including local name and number*) | |
|---|---|
| LOCAL 947 USWU, I U J A T | |
| 4a Address (street and number, city, state, and ZIP code)<br>3 MAIN ST KINGS PARK, NY 11754-2711 | 4b Tel No<br>(631)670-5660<br>4c Cell No<br><br>4d Fax No<br>(631)670-5662<br>4e e-mail |

5 Full name of national or international labor organization of which it is an affiliate or constituent unit (*to be filled in when charge is filed by a labor organization*)
International Union of Journeymen & Allied Trades

| 6  DECLARATION<br>I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | | Tel No<br>(631)670-5660 |
|---|---|---|
| By<br><br>(signature of representative or person making charge) | Jose Vega, Business Agent<br><br>Print Name and Title | Office, if any, Cell No<br><br>Fax No<br>(631)670-5662 |
| Address 3 MAIN ST, KINGS PARK, NY 11754-2711 | Date   11 27 2012 | e-Mail |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

EXHIBIT A

01/04/2013 15 52   #824 P 002/003

From

FORM EXEMPT UNDER 44 U S C 35ﬀ

INTERNET
FORM NLRB-501
(2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
CHARGE AGAINST EMPLOYER

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 29-CA-095876 | 1/4/2013 |

**INSTRUCTIONS**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring

## 1 EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| | |
|---|---|
| a  Name of Employer<br><br>Remington Lodging & Hospitality, LLC | b  Tel No  631-784-1234 |
| | c  Cell No |
| c  Address (Street, city state, and ZIP code)<br><br>1717 Motor Parkway, Hauppauge, NY 11788 | e  Employer Representative<br><br>Jeff Rostek, General Manager | f  Fax No  631-232-9853 |
| | | g  e-Mail |
| | | h  Number of workers employed<br>100 |
| Type of Establishment (factory, mine, wholesaler, etc)<br>Hotel | j  Identify principal product or service<br>Food and Lodging | |

k  The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a)  subsections (1) and (list

subsections)  (3)                                                                     of the National Labor Relations Act  and these unfair labor

practices are practices affecting commerce within the meaning of the Act  or these unfair labor practices are unfair practices affecting commerce

with in the meaning of the Act and the Postal Reorganization Act

2  Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

During the past six months and continuing, the Employer has more-closely scrutinized and disciplined employees in response to the Union's organizing campaign and the employees' union and/or protected concerted activities

The Employer's unlawful retaliation against employees has resulted in the discharge and constructive discharge of multiple employees.

3  Full name of party filing charge (if labor organization, give full name, including local name and number)

Local 947 USWJ, IUJAT

| 4a  Address (Street and number, city, state, and ZIP code)<br><br>3 Main Street, Kings Park, NY 11754 | 4b  Tel No  631-670-5660 |
|---|---|
| | 4c  Cell No |
| | 4d  Fax No  631-670-5662 |
| | 4e  e-Mail |

5  Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)  International Union of Journeymen & Allied Trades

## 6  DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief

| By  [signature]<br>(signature of representative or person making charge) | Jose Vega  Business Agent<br>(Print/type name and title or office, if any) | Tel No  (see above) |
|---|---|---|
| | | Office if any  Cell No |
| | | Fax No  (see above) |
| | | e-Mail |
| Address  (see above) | | (date) |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U S  CODE, TITLE 18, SECTION 1001)**
PRIVACY ACT STATEMENT
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U S C  § 151 et seq  The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation  The routine uses for the information are fully set forth in the Federal Register, 71 Fed  Reg  74942-43 (Dec  13, 2006)  The NLRB will further explain these uses upon request  Disclosure of this information to the NLRB is voluntary however failure to supply the information will cause the NLRB to decline to invoke its processes

EXHIBIT B

From                                                                02/12/2013 09:23   #059 P.002/002

INTERNET
FORM NLRB-501
(2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
FIRST AMENDED CHARGE AGAINST EMPLOYER

FORM EXEMPT UNDER 44 U.S.C. 3512

**DO NOT WRITE IN THIS SPACE**

| Case | Date Filed |
|------|------------|
| 29-CA-095876 | 2/12/2013 |

INSTRUCTIONS:
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| | |
|---|---|
| a. Name of Employer<br>Remington Lodging & Hospitality, LLC | b. Tel. No. 631-979-3700 |
| | c. Cell No. |
| d. Address (Street, city, state, and ZIP code)<br>1717 Motor Parkway, Hauppauge, NY 11788 | e. Employer Representative<br>Jeff Rostek, General Manager | f. Fax No. 631-232-9853 |
| | | g. e-Mail |
| | | h. Number of workers employed<br>100 |
| i. Type of Establishment (factory, mine, wholesaler, etc.)<br>Hotel | j. Identify principal product or service<br>Food and Lodging | |

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and *(list subsections)* (3)                                          of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

About January 2, 2013, the Employer discharged Margaret Loiacono because of her union and/or protected concerted activities.

2013 FEB 12   AM 8:29
BROOKLYN, NY
NLRB-REGION 29
RECEIVED

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number)<br>Local 947 USWU, IUJAT | |
|---|---|
| 4a. Address (Street and number, city, state, and ZIP code)<br>3 Main Street, Kings Park, NY 11754 | 4b. Tel. No. 631-670-6660 |
| | 4c. Cell No. |
| | 4d. Fax No. 631-670-5662 |
| | 4e. e-Mail |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)   International Union of Journeymen & Allied Trades

### 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By _(signature)_
*(signature of representative or person making charge)*

Isabel Roman
Business Agent
*(Print/type name and title or office, if any)*

2/12/13
*(date)*

Address (see above)

| | |
|---|---|
| Tel. No. (see above) | |
| Office, if any, Cell No. | |
| Fax No. (see above) | |
| e-Mail | |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

EXHIBIT C

UNITED STATES GOVERNMENT
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 29

REMINGTON LODGING & HOSPITALITY, LLC

      and

REMINGTON LODGING & HOSPITALITY, LLC and
HOSPITALITY STAFFING SOLUTIONS, LLC, joint employers

      and

LOCAL 947, UNITED SERVICE WORKERS
UNION, INTERNATIONAL UNION OF
JOURNEYMEN AND ALLIED TRADES

Cases 29-CA-093850
     29-CA-095876

### ORDER CONSOLIDATING CASES, CONSOLIDATED COMPLAINT, AND NOTICE OF HEARING

Pursuant to Section 102.33 of the Rules and Regulations of the National Labor Relations Board ("the Board"), and to avoid unnecessary costs or delay, IT IS ORDERED THAT Case 29-CA-095876, filed by Local 947, United Service Workers Union, International Union of Journeymen and Allie Trades ("Union") against Remington Lodging & Hospitality, LLC ("Remington") is consolidated with Case 29-CA-093850, filed by the Union against Remington and Hospitality Staffing Solutions, LLC ("HSS") (collectively, "Respondents"), in which a Complaint and Notice of Hearing issued on January 25, 2013.

This Order Consolidating Cases, Consolidated Complaint and Notice of Hearing, which is based on these charges, is issued pursuant to Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 151 et seq. ("the Act") and Section 102.15 of the Board's Rules and Regulations, and alleges Respondents have violated the Act as described below:

1.     The charge in Case 29-CA-093850 was filed by the Union on November 27, 2012, and a copy was served by regular mail on Respondents on November 28, 2012.

EXHIBIT D

2.    (a)    The charge in Case 29-CA-095876 was filed by the Union on January 4, 2013, and a copy was served by regular mail on Remington on January 7, 2013.

(b)    The first amended charge in Case 29-CA-095876 was filed by the Union on February 12, 2013, and a copy was served by regular mail on Remington on February 12, 2013.

3.    At all material times, Remington, a domestic limited liability company, has been engaged in providing hotel management services at hotels in numerous states, including at the Hyatt Regency hotel located at 1717 Motor Parkway, Hauppauge, New York ("the Hyatt Hotel").

4.    During the past calendar year, which period is representative of its annual operations generally, Remington received gross revenues valued in excess of $500,000, and purchased and received at the Hyatt Hotel, goods and supplies valued in excess of $5,000 directly from entities located outside the State of New York.

5.    At all material times, Remington has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act.

6.    At all material times, HSS, a domestic limited liability company, with an office and place of business located at 100 Glenridge Point Parkway, Suite 400, Atlanta, Georgia, is engaged in providing hotel staffing services to clients in multiple states, including Remington, from about August 21, 2012 to about October 19, 2012, at the Hyatt Hotel.

7.    During the past calendar year, which period is representative of its annual operations generally, HSS received gross revenues valued in excess of $500,000, and purchased and received at its Atlanta, Georgia location, goods and supplies valued in excess of $5,000 directly from entities located outside the State of Georgia.

8.    At all material times, HSS has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act.

9.     From about August 21, 2012 to about October 19, 2012, Respondents were parties to a contract which provided that HSS would be a subcontractor of Remington overseeing the performance of housekeeping work at the Hyatt Hotel.

10.    From about August 21, 2012 to about October 19, 2012, Remington exercised control over the labor relations policy for the housekeeping employees of HSS at the Hyatt Hotel, and administered a common labor policy with HSS for employees of HSS.

11.    From about August 21, 2012 to about October 19, 2012, Respondents were joint employers of the housekeeping employees at the Hyatt Hotel.

12.    At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

13.    At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Remington within the meaning of Section 2(11) of the Act, and agents of Remington within the meaning of Section 2(13) of the Act acting on its behalf:

|  |  |  |
|---|---|---|
| Jeff Rostek | General Manager | |
| Osiris Arango | Human Resources Director | |
| Andrew Arpino | Front Office Manager | |
| Blanca Dunleavy | Director of Housekeeping | |
| Percida Rosero | Housekeeping Supervisor | |
| (First Name Unknown, Last Name Unknown) | | Corporate Representative |

14.    About mid-June 2012, Remington, by Andrew Arpino, at the Hyatt Hotel, interrogated employees about their union activities.

15.    About late July 2012, Remington, by a representative and agent from its corporate offices, whose name is currently unknown, at the Hyatt Hotel, interrogated employees about their union activities.

16.    About early August 2012, Remington, by Percida Rosero:

        (a)     threatened employees with discharge;

        (b)     threatened employees regarding their immigration status; and

        (c)     about mid-August 2012, interrogated employees about their union activities.

17.     Respondents, by Percida Rosero, at the Hyatt Hotel:

        (a)     about August 21, 2012, informed employees that work was subcontracted to avoid the Union; and

        (b)     about September 2012, informed employees that work was subcontracted to avoid the Union;

        (c)     about late September 2012, interrogated employees about their union activities.

18.     Respondents, by Osiris Arango, at the Hyatt Hotel:

        (a)     about August 28, 2012, interrogated employees about their union activities;

        (b)     on various dates in September 2012, interrogated employees about their union activities;

        (c)     about September 2012, directed employees to report union activity;

        (d)     about September 2012, informed employees that work was subcontracted to avoid the Union;

        (e)     about late September 2012, directed employees not to sign union authorization cards; and

        (f)     about late September 2012, threatened employees with discharge.

19.     From about August 21, 2012 to October 19, 2012, Remington subcontracted the housekeeping work at the Hyatt Hotel to HSS.

20.     About October 19, 2012, Remington discharged all of its housekeeping employees, including:

4

(a)     Maria Amaya

(b)     Vanesa Bautista

(c)     Brenden Blanding

(d)     Andre Bonard

(e)     Estela Cabrera

(f)     Maria Da Silva

(g)     Francisco De Los Santos

(h)     Norville Fowler

(i)     Kathryn Frederick

(j)     Maria Garcia

(k)     Nairobi Garcia

(l)     Noris Gutierrez

(m)     Cesia Hernandez

(n)     Elizabeth Del Carmen Jerez

(o)     Oliver Landes

(p)     Ana Lino

(q)     Francis Lopez

(r)     Efer Monge

(s)     Yuen Yum Ng

(t)     Alonzo Ortiz

(u)     Carlos Ortiz

(v)     Ninfa Palacios

(w)     Anyi Peralta

(x)     Ana Peralta

(y)     Roxana Pereira

(z)     Martin Perla

5

(aa)    Julio Polanco

(bb)    Alfonso Reyes

(cc)    Dilmar Rivas

(dd)    Vilma Rodriguez

(ee)    Ana Salgado

(ff)    Suzanne Sanchez

(gg)    Elva Sandoval

(hh)    Zoraida Tavarez

(ii)    Reina Trejo

(jj)    Katherine Valdez

(kk)    Monica Valdez

(ll)    Efrain Velazquez

(mm)    Julio Viera, and

(nn)    Monique Webb

21.     Since that date, Remington has refused to reinstate, or to offer to reinstate any of the employees listed in paragraph 20.

22.     Remington engaged in the conduct described above in paragraphs 19 through 21 because the employees of Respondents assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

23.     In the alternative, from about September 19, 2012 to October 19, 2012, during which time Remington was hiring housekeeping employees, Remington refused:

(a)    to hire the housekeeping employees employed by HSS and named above in paragraph 20(a) through (nn); or

(b)    to consider those employees for hire.

24.     Remington engaged in the conduct described above in paragraph 23 because the employees of Respondents assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

25.     (a)     About January 2, 2013, Remington discharged employee Margaret Loiacono.

(b)     Since about January 2, 2013, Respondent has refused to reinstate, or to offer to reinstate Margaret Loiacono.

26.     Remington engaged in the conduct described above in paragraph 25 because Remington believed Margaret Loiacono assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

27.     By the conduct described above in paragraphs 14 through 18, Respondents have been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act

28.     By the conduct described above in paragraphs 19 through 26, Remington has been discriminating in regard to the hire or tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

29.     The unfair labor practices of Respondents, described above, affect commerce within the meaning of Section 2(6) and (7) of the Act.

As part of the remedy for the unfair labor practices alleged above in paragraphs 20 through 26, the Acting General Counsel seeks an order requiring reimbursement of amounts equal to the difference in taxes owed upon receipt of a lump-sum payment and taxes that would have been owed had there been no discrimination.

The General Counsel further seeks, as part of the remedy for the allegations in paragraphs 20 through 26, that Remington be required to submit the appropriate documentation

7

to the Social Security Administration so that when backpay is paid, it will be allocated to the appropriate periods. The Acting General Counsel further seeks all other relief as may be just and proper to remedy the unfair labor practices alleged.

### ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the Complaint. The answer must be **received by this office on or before February 27, 2013, or postmarked on or before February 26, 2013.** Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties.

An answer may also be filed electronically through the Agency's website. To file electronically, go to www.nlrb.gov, click on **File Case Documents,** enter the NLRB Case Number, and follow the detailed instructions. The responsibility for the receipt and usability of the answer rests exclusively upon the sender. Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21. If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office. However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means

8

allowed under the Board's Rules and Regulations. The answer may not be filed by facsimile

transmission. If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant

to a Motion for Default Judgment, that the allegations in the Complaint are true. Any request for

an extension of time to file an answer must, pursuant to Section 102.111(b) of the Board's Rules

and Regulations, be filed by the close of business on February 27, 2013. The request should be

in writing and addressed to the Regional Director of Region 29.

**NOTICE OF HEARING**

**PLEASE TAKE NOTICE THAT** on **March 6, 2013, at 9:30 a.m.** at Two MetroTech

Center, Suite 5100, Brooklyn, New York, and on consecutive days thereafter until concluded, a

hearing will be conducted before an administrative law judge of the National Labor Relations

Board. At the hearing, Respondent and any other party to this proceeding have the right to

appear and present testimony regarding the allegations in this Complaint. The procedures to be

followed at the hearing are described in the attached Form NLRB-4668. The procedure to

request a postponement of the hearing is described in the attached Form NLRB-4338.

Dated at Brooklyn, New York, February 13, 2013.

James G. Paulsen
Regional Director, Region 29
National Labor Relations Board
Two MetroTech Center, 5th Floor
Brooklyn, NY 11201